UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN SLOAN,

          Petitioner,

v.                                     Case No. 2:04-cv-270
                                     HON. ROBERT HOLMES BELL

BARBARA BOUCHARD,

          Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Steven Sloan filed this petition for writ of habeas corpus challenging the validity of his state court conviction of fourth degree criminal sexual conduct, using force and coercion. Petitioner was convicted by a jury and was sentenced to three years, six months to fifteen years. The Michigan Court of Appeals summarized the facts as follows:

> Defendant was charged with CSC IV on an aiding and abetting theory in connection with an incident alleged to have occurred at the home of a friend. The complainant testified that when he and his cousin went to the home, defendant answered the door, and pulled him into the home. Defendant and another man forced him into a bedroom, defendant pinned him against a dresser, and the other man grabbed his buttocks. The complainant's cousin testified that defendant forced complainant into the home. The cousin did not see or hear what happened in the home. Based on the complainant's statement, which included accurate descriptions of defendant and his companion, a police officer arrested defendant. Defendant acknowledged that he assaulted the complainant, but denied that the assault was sexual in nature.

> Petitioner maintains that his conviction was obtained in violation of his federal rights.

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section

2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.  In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following grounds for relief:

I.  Defendant is entitled to reversal of his conviction because the verdict was against the great weight of the evidence.

II.  The trial court abused its discretion when it denied appellant's motion for an evidentiary hearing to develop a record for his claim of ineffective assistance of counsel entitling defendant to same under *People v. Ginther*.

III.  Ineffective assistance of counsel given counsel's failure to voir dire the jury venire and failing to exercise peremptory challenges causing defendant to be denied a fair and impartial jury reasonably drawn from the cross section of the community.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160

F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

- 3 -

*cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner first argues that the verdict was against the great weight of the evidence. Petitioner fails to raise a constitutional issue in asserting this claim. This court does not weigh the evidence presented in a state criminal trial or make factual determinations. Rather, a habeas court analyzes issues involving constitutional claims or challenges based upon federal law that could apply in a state criminal trial. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Therefore, it appears that this portion of petitioner's argument should be dismissed.

Moreover, there existed sufficient evidence to convict petitioner of the crime. A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* The Michigan Court of Appeals concluded:

> In this case, if believed, the complainant's testimony was sufficient to prove defendant committed CSC IV on an aiding and abetting theory. Complainant's testimony did not require corroboration, MCL 750.520h, and the jury was entitled to accept complainant's testimony as credible, *People v. Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002). Although testimony by other witnesses conflicted with the complainant's, issues of credibility are for the trier of fact and play no role in the court's determination regarding a motion for new trial. *People v. Lemmon*, 456 Mich 625, 6420643; 576 NW2d 129

- 4 -

(1998); *Gadomski, supra*, at 28. We find that the trial court did not abuse its discretion in denying defendant's motion for a new trial.

It is clear that the evidence was sufficient to establish that petitioner committed the crime. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner's remaining claims relate to his assertion that he received ineffective assistance of counsel. The Michigan Court of Appeals rejected these claims stating:

> Defendant has failed to establish that any action that defense counsel took or failed to take resulted in prejudice. Contrary to defendant's assertion, defense counsel did not represent him in a separate matter. Counsel represented the mother of a child in a termination proceeding in which defendant was identified as the putative father. Defense counsel did err in informing defendant that he was not entitled to take a polygraph examination. MCL 776.21(5). But even if defendant had taken a polygraph examination, the results could not have been admitted at trial. *People v. Jones*, 468 Mich 345, 354; 662 NW2d 376 (2003).[FN]
>
> > [FN]Under limited circumstances, a trial court may consider the results of a polygraph examination when deciding a motion for a new trial based on newly found evidence. *People v. Cress*, 250 Mich App 110, 135-136; 645 NW2d 669 (2002), rev'd in part on other grounds 468 Mich 678 (2003). Defendant's motion for a new trial was not based on newly found evidence; therefore, even if defendant had taken a polygraph examination, the results could not have been considered by the trial court in deciding the motion.
>
> Defendant's assertion that he would have passed a polygraph examination and that the results would have forced the police to investigate the matter further is based entirely on speculation, as is his contention that the complainant would have been unable to identify him in a lineup. The complainant was able to give an accurate

description of defendant very soon after the incident occurred.  We find that counsel's decision to forego requesting a lineup was trial strategy.  We do not substitute our judgment for that of trial counsel on matters of trial strategy.  *People v. Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999).

Lastly, defendant's claim of ineffective assistance of counsel regarding the jury selection process is meritless.  Contrary to defendant's assertion, defense counsel did voir dire the jury venire.  And we believe that defense counsel's decision not to exercise peremptory challenges or challenges for cause are soundly within the realm of trial strategy.  There is nothing in the record that persuades us that counsel abrogated her duty to defendant during the jury selection process and defendant does not identify any particular jurors that defendant believes should have been removed.  Defendant may not simply announce his position and leave it to this Court to discover and rationalize the basis for his claim.  *Mudge v. Macomb Co.*, 458 Mich 89, 105; 580 NW2d 845 (1998).  Accordingly, we find that defendant was not denied effective assistance of counsel.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable.  *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998).  Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment.  *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).  Rather, a

petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). In the opinion of the undersigned, petitioner cannot show that the Michigan Court of Appeals' decision on his claims relating to ineffective assistance of counsel resulted in a decision that was unreasonable.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.   Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner's claim that his verdict was against the great weight of the evidence is not a cognizable habeas claim and moreover, sufficient evidence existed to support his conviction. Petitioner failed to show that he received ineffective assistance of counsel. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)©); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 24, 2007